BRIAN L. JOHNSRUD, State Bar No. 184474
LINDSEY K. SCHROEDER, State Bar No. 245425
CURLEY, HESSINGER & JOHNSRUD LLP
530 Lytton Avenue, 2nd Floor
Palo Alto, CA 94301
Telephone: 650.617.3268
Facsimile: 650.617. 3269
E-mail: bjohnsrud@curleyhessinger.com
lschroeder@curleyhessinger.com

Attorneys for Defendant
SAP AMERICA, INC.

STEPHEN M. MURPHY, State Bar No. 103768
JEREMY A. GRAHAM, State Bar No. 234166
LAW OFFICES OF STEPHEN M. MURPHY
180 Montgomery Street, Suite 940
San Francisco, CA 94101
Telephone: 415.986.1338
Facsimile: 415.986.1231
E-mail: smurphy@justice.com

Attorneys for Plaintiff
PEGGY PHELPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PEGGY PHELPS,<br><br>               Plaintiff,<br><br>    v.<br><br>SAP AMERICA, INC. and DOES 1-25,<br><br>               Defendants. | Case No. 10-05835 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: April 28, 2011<br>Time: 3:15 pm<br>Dept: 1 – 14th Floor |

6707

CURLEY, HESSINGER & JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

1

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 10-05835 SBA

The parties to the above-entitled action, Plaintiff Peggy Phelps ("Phelps" and/or "Plaintiff") and Defendant SAP America, Inc. ("SAP" and/or "Defendant"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the Case Management Conference scheduled for April 28, 2011 at 3:15 p.m., in Courtroom 1 – 14th Floor before the Honorable Saundra B. Armstrong.

## I. JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over all of Plaintiff's claims based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a). This Court also has original subject matter jurisdiction over Plaintiff's Age Discrimination in Employment Act ("ADEA") claims, as the ADEA claims raise a federal question, under 28 U.S.C. § 1331. There are no issues regarding personal jurisdiction or venue, and all parties have been served with process. Defendant has not brought any counterclaims in this action.

## II. FACTS

This is an employment case arising out of Plaintiff's former employment with SAP. A brief summary of the parties' respective factual positions is set forth below.

### A. Plaintiff's Position

Plaintiff was employed with SAP from approximately February 1998 through April 30, 2010. Ms. Phelps was a top performing Account Executive in SAP's Public Services Division and she generated over $50 million dollars in sales since breaking into the public sector market in California in 1998. In connection with the commencement of Ms. Phelps's employment, Ms. Phelps expressly agreed that her compensation would include commissions based on sales and bonuses for meeting certain production goals. From October 2006 to the end of her employment, Ms. Phelps earned commissions and bonuses that were not paid to her at the time of her separation and have not been paid to her to date. Ms. Phelps repeatedly demanded payment of the monies due her. However, SAP has failed and continues to refuse to pay the wages, commissions and bonuses due and owing to Ms. Phelps.

Additionally, during the last few years of her employment and continuing until her last day of employment in April 2010, Ms. Phelps was subjected to a pattern and practice of unlawful

CURLEY, HESSINGER & JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

6707

2

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 10-05835 SBA

harassing and discriminatory conduct as a result of her gender and age by SAP's Senior Vice President of Public Services, Tom Byrne, his subordinate Vice President of Public Services/West, Garrett Histed, and Public Services Human Resources Director Courtney DePeter. As a result of their outrageous and unlawful conduct, Ms. Phelps was constructively discharged after investing over 12 years with and on behalf of SAP in helping to secure business from the State of California. Furthermore, once Ms. Phelps complained to the Defendant SAP's Human Resources Department about the unlawful harassment and discrimination based on gender and age, Ms. Phelps was subjected to retaliation and the pattern of harassment and discrimination continued and intensified. In April 2010, Ms. Phelps was constructively terminated following her complaints of unlawful harassment, discrimination and retaliation.

### B. Defendant's Position

Plaintiff was formerly employed by SAP as an Account Executive, responsible for software sales in the public sector. For many years, Plaintiff was the only Account Executive in California with a public-sector focus, which made Sacramento a key part of her territory. Plaintiff did not spend enough time in Sacramento developing relationships or market opportunities. She was coached on the need to grow in her performance and results. Eventually, SAP added two additional Account Executives to focus on the public sector in California. In the fall of 2009, due to unsatisfactory performance, Plaintiff was transitioned off California accounts and into accounts in six other western states. Plaintiff's legacy accounts in California were transitioned to other Account Executives. Plaintiff was upset that certain deals she believed were in her California pipeline were given to other Account Executives. In March 2010, Plaintiff gave notice of her voluntary resignation, effective April 30, 2010. SAP submits that it paid Plaintiff all commissions that she earned under the applicable sales compensation plans and that Plaintiff's voluntary resignation had nothing to do with her age, gender, or alleged retaliation.

CURLEY, HESSINGER & JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

6707

3

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 10-05835 SBA

## III. LEGAL ISSUES

(a) Whether Defendant breached any agreement existing between Plaintiff and Defendant regarding payment of Plaintiff's sales commissions.

(b) Whether Defendant breached the covenant of good faith and fair dealing regarding payment of Plaintiff's sales commissions.

(c) Whether Defendant negligently misrepresented to Plaintiff the conditions regarding the payment of Plaintiff's sales commissions.

(d) Whether Defendant violated the California Labor Code, including Sections 201 and 202, regarding payment of wages to Plaintiff.

(e) Whether Defendant engaged in unfair business practices in violation of Business and Professions Code Section 17200 *et seq*. regarding the payment of Plaintiff's sales commissions.

(f) Whether Defendant discriminated against and/or harassed Plaintiff based on her age and/or gender in violation of the federal Age Discrimination in Employment Act and/or California's Fair Employment and Housing Act.

(g) Whether Defendant constructively discharged Plaintiff in violation of public policy.

(h) Whether Defendant retaliated against Plaintiff in violation of the FEHA.

(i) The nature and extent of Plaintiff's alleged damages, if any, and whether she reasonably attempted to mitigate her alleged damages.

## IV. MOTIONS

### A. Prior and Pending Motions

There are no prior or pending motions.

### B. Plaintiff's Anticipated Motions

Plaintiff anticipates filing a Motion for Summary Judgment or Partial Summary Judgment.

### C. Defendant's Anticipated Motions

Defendant anticipates filing a Motion for Summary Judgment.

Curley, Hessinger & Johnsrud LLP
Counselors At Law
Palo Alto

6707    4    JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 10-05835 SBA

## V. AMENDMENT OF PLEADINGS

At this time, the parties do not anticipate amending the pleadings.

## VI. EVIDENCE PRESERVATION

### A. Plaintiff's Actions

Plaintiff has identified documents likely to be relevant and has retained these documents.

### B. Defendant's Actions

Defendant has identified individuals likely to possess evidence reasonably relevant to the issues of this action and distributed a directive to these individuals to retain such evidence.

## VII. DISCLOSURES

Both parties will make the required initial disclosures under Federal Rule of Civil Procedure 26.

## VIII. DISCOVERY

No formal discovery has taken place to date, and the parties have agreed to stay discovery pending a private mediation scheduled for May 27, 2011.

### A. Plaintiff's Anticipated Discovery

Plaintiff intends to take depositions of SAP's Senior Vice President of Public Services, Tom Byrne, his subordinate Vice President of Public Services/West, Garrett Histed, and Public Services Human Resources Director Courtney DePeter, and possibly other depositions, as necessary. In addition, Plaintiff intends to propound written discovery, including interrogatories, requests for admission, and requests for production.

### B. Defendant's Anticipated Discovery

Defendant intends to take Plaintiff's deposition and possibly other depositions, as necessary. In addition, Defendant intends to propound written discovery, including interrogatories, requests for admission, and requests for production.

CURLEY, HESSINGER & JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

6707    5    JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 10-05835 SBA

**C. Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)**

    **1. Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

The parties do not request any changes to be made to the timing, form, or requirement for disclosures under Rule 26(a).

    **2. Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties agree to stay formal discovery until after the parties participate in mediation.

    **3. Rule 26(f)(3)(C): Any issues relating to disclosures or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

    **4. Rule 26(f)(4)(D): Any issues relating to claims or privilege or of protection as to trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.**

The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation material. They agree to address any such issues in the event they arise.

    **5. Rule 26(f)(5)(E): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

With the exception of staying formal discovery until the parties participate in mediation, as specified in VIII.B.2. above, the parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, or any other limitations.

**IX. CLASS ACTIONS**

This is not a class action.

**X. RELATED CASES**

There are no known related cases pending in this Court or before another court or administrative body.

CURLEY, HESSINGER & JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

6707

6

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 10-05835 SBA

## XI. RELIEF

### A. Plaintiff's Position

Plaintiff seeks damages for earned but unpaid commissions, penalties, interest, and attorneys' fees; and damages for wrongful termination and discrimination including lost earnings and benefits, emotional distress, punitive damages, and attorneys' fees.

### B. Defendant's Position

Defendant denies that Plaintiff is entitled to recover relief. If the Court finds otherwise, such amount should be less the amounts Plaintiff has received or could reasonably have received in compensation following the termination of Plaintiff's employment.

## XII. SETTLEMENT AND ADR

Prior to litigation, the parties engaged in limited settlement discussions, without the assistance of a mediator or other neutral. The parties have agreed to engage in private mediation and have submitted a joint stipulation and proposed order to the Court confirming their agreement.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to have a magistrate judge conduct all further proceedings.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

## XV. NARROWING OF ISSUES

At this time, there are no dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

## XVI. EXPEDITED SCHEDULE

The parties do not believe that this case can be handled on an expedited basis.

CURLEY, HESSINGER & JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

6707

7

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 10-05835 SBA

## XVII. SCHEDULING

 **(a)** Non-Expert Discovery to be completed by December 31, 2011.

 **(b)** Dispositive Motions to be heard by March 2, 2012.

 **(c)** Expert Discovery to be completed by March 30, 2012.

 **(d)** Pretrial Conference to be conducted on April 15, 2012.

 **(e)** Trial requested on April 30, 2012.

## XVIII. TRIAL

The parties anticipate a 10 to 14 day jury trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITITES OR PERSONS

Defendant has filed its "Certification of Interested Entitles or Persons" and discloses that other than the named parties, the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entitles (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

SAP AG

SAP Nederland Holding B.V.

## XX. OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy and inexpensive resolution of this matter.

Curley, Hessinger & Johnsrud LLP
Counselors At Law
Palo Alto

6707

8

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 10-05835 SBA

| | | |
|---|---|---|
| 1 | Dated: March 25, 2011 | CURLEY, HESSINGER & JOHNSRUD LLP |
| 2 | | |
| 3 | | By /s/ Lindsey K. Schroeder |
| 4 | | LINDSEY K. SCHROEDER<br>Attorneys for Defendant<br>SAP AMERICA, INC. |
| 5 | | |
| 6 | Dated: March 25, 2011 | LAW OFFICES OF STEPHEN M. MURPHY |
| 7 | | |
| 8 | | By /s/ Stephen M. Murphy |
| 9 | | STEPHEN M. MURPHY<br>Attorneys for Plaintiff<br>PEGGY PHELPS |

### **ORDER**

The foregoing Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated:_____      _____
UNITED STATES DISTRICT JUDGE

CURLEY, HESSINGER & JOHNSRUD LLP
COUNSELORS AT LAW
PALO ALTO

6707                    9         JOINT CASE MANAGEMENT STATEMENT
                                  AND [PROPOSED] ORDER
                                  CASE NO. 10-05835 SBA